UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| John Krieger and Christina Krieger, | Civ. No. 12-2522 (SRN/JJG) |
| Plaintiffs, | |
| v. | REPORT AND RECOMMENDATION |
| Summit Mortgage Corporation, Mortgage Electronic Registration Services, Inc., GMAC Mortgage, LLC, and Does 1-10, | |
| Defendants. | |

JEANNE J. GRAHAM, United States Magistrate Judge

This matter is before the Court on Defendants Mortgage Electronic Registration Services, Inc.'s ("MERS") and GMAC Mortgage, LLC's ("GMAC") motion for sanctions and to dismiss (ECF No. 4), and Defendant Summit Mortgage Corporation's ("Summit") motion to dismiss (ECF No. 11). The Court held a hearing on these motions on January 8, 2013. Seth Leventhal appeared on Summit's behalf and Randi Winter and Donald Heeman appeared on behalf of MERS and GMAC. Plaintiffs did not appear at the hearing, although they did submit written materials in opposition to the motions. The motions were referred to this Court for a report and recommendation by the Honorable Susan Richard Nelson, United States District Judge, pursuant to 28 U.S.C. § 636(b)(1)(A), (B), and (C). (ECF Nos. 6, 13.) The Court construes Summit's motion to dismiss as a motion for judgment on the pleadings.[1]

---

[1] Because a motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure cannot be filed after the filing of an answer, the Court properly treats the motion as one filed under Rule 12(c). *Wescott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). In deciding

As discussed below, the Court recommends Defendants' motions to dismiss be granted and judgment be entered accordingly.

## I. Background[2]

While Plaintiffs' Complaint is rather difficult to understand, due to its breadth and vagueness, Plaintiffs' "Introduction" sets forth the general framework of their claims. First, Plaintiffs allege "that the originating mortgage lender, and others alleged to have ownership, have unlawfully sold, assigned and/or transferred their ownership and security interest in a Promissory Note and mortgage related to the Property, and, thus, do not have lawful ownership or a security interest in Plaintiffs' Home which is described in detail herein." (Compl. ¶ 2.) Second, Plaintiffs allege that no Defendant can "show proper receipt, possession, transfer, negotiations, assignment and ownership of the borrower's original Promissory Note and Mortgage, resulting in imperfect security interests and claims." (*Id.* ¶ 3.)

Third, Plaintiffs allege that Defendants cannot establish possession or proper transfer of the promissory note and, therefore, cannot claim a security interest. Accordingly, Plaintiffs allege Defendants cannot establish any indebtedness. (*Id.* ¶ 4.) Fourth, Plaintiffs refer to "Void 'True Sale(s)' violating New York law and express terms of the Pooling and Servicing Agreement ("PSA") governing the securitization of Plaintiff's [sic] mortgage . . . ." (*Id.* ¶ 6b.) Later in the Complaint, Plaintiffs allege the sale of the note and contemporaneous failure to

---

a motion for judgment on the pleadings, the Court applies the same standard as for a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Id.*

[2] Plaintiffs' Complaint is vague and rather convoluted. Indeed, as Defendants point out, it is nearly identical to that filed in *Fabbiani v. First Magnus Financial Corp.*, No. 12-00643-RED-DAB (M.D. Fla. July 12, 2012), including typeface, formatting, and precise wording of individual paragraphs. Furthermore, the Court disregards various paragraphs of Plaintiffs' complaints that contain "legal conclusions, unsupported conclusions, unwarranted references, and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002)).

transfer the physical note results "in imperfect security interest and claims against Plaintiff's title." (*Id.* ¶ 23.)

Plaintiffs allege Summit is the originating mortgage lender, GMAC is the Master Servicer, and MERS is the "purported Beneficiary under the Mortgage." (*Id.* ¶¶ 8, 9, 11.) The subject property is 114212 Hundertmark Road, Chaska, Minnesota 55318 (the "Property"). (*Id.* ¶ 12.) Plaintiffs further allege Summit transferred its interest in the promissory note to "the Sponsor" but did not assign the mortgage.[3] (*Id.* ¶ 21.) Plaintiffs assert the note associated with the mortgage on their property is currently held by a Real Estate Mortgage Investment Conduit Trust ("REMIC Trust" or "Trust"). (*Id.* ¶ 10.) Plaintiffs go on to assert that "'the Trustee alleges that it is the 'holder and owner' of the Note and the beneficiary of the Mortgage." (*Id.* ¶ 38.) It is unclear who "the Trustee" is. There are paragraphs included in the Complaint that describe the process and procedure of assigning a promissory note, generally, but many are generalities and do not specifically address the securitization of the note as it occurred in this instance. There are no facts in the Complaint related to foreclosure of the Property.

Notably, Plaintiffs make various legal conclusions, such as "the purported assignments . . . did not comply with New York law . . . and, thus, do not constitute valid and enforceable 'True Sales.'" (*Id.* ¶ 42.) They also allege: "Plaintiffs are also informed and believe, and there on alleges [sic], that at all times herein mentioned, and any assignment of a Mortgage without proper transfer of the obligation that secures it is a legal nullity." (*Id.* ¶ 43.) The Court disregards these, and other, legal conclusions.

---

[3] At no point do Plaintiffs identify the "Sponsor" or the "Depositor." They refer to both of these entities throughout the Complaint, but it does not appear as though Plaintiffs actually identified either entity.

3

Plaintiffs also allege that Summit sold its ownership interest in the note to the Sponsor who in turn sold the note to the Depositor, who sold the note to the Trust. (*Id.* ¶ 21.) Plaintiffs further contend that Summit did not assign the mortgage or the beneficial ownership of the mortgage. (*Id.*) Plaintiffs assert that there was no physical transfer of the note to the REMIC Trust.[4] (*Id.* ¶ 23.) Plaintiffs include numerous paragraphs of allegations then summarize those allegations by stating that various deficiencies exist in the "'True Sale' and securitization process as to this Mortgage which renders invalid any security interest in the Plaintiffs' mortgage . . . ." (*Id.* ¶¶ 53a-53f.) Plaintiffs conclude the "Factual Allegations" section of their Complaint with the following general statement: "Plaintiffs [] allege . . . that none of the parties to neither the securitization transaction, nor any of the Defendants in this case, hold a perfected and secured claim in the Property; and that all Defendants are estopped and precluded from asserting an unsecured claim against Plaintiffs' estate." (*Id.* ¶ 54.)

**II.    Discussion**

   **A.    Standard of Review**

GMAC and MERS seek to dismiss the Complaint based on Rule 11 and Rule 12(b)(6) of the Federal Rules of Civil Procedure. Summit's motion is construed as one made pursuant to Rule 12(c), which incorporates the same standard of review as motions made under Rule 12(b)(6).

Rule 11 holds unrepresented parties to the same standard with regard to representations to the Court as represented litigants. Specifically, Rule 11(b)(3) requires an unrepresented party to certify, to the best of that person's knowledge, that the "factual

---

[4] Plaintiffs reword and recycle a general allegation repeatedly throughout the Complaint: that Summit did not sell the mortgage along with the note to anyone and that the sale of the note was somehow faulty.

4

contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). The Eighth Circuit has affirmed dismissals of complaints where the a plaintiff made "allegations that had no basis in fact." *See, e.g.*, *Carman v. Treat*, 7 F.3d 1379, 1383 (8th Cir. 1993); *see Joiner v. Delo*, 905 F.2d 206, 208 (8th Cir. 1990).

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court determines whether "a complaint contain[s] sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To establish facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Indeed, the complaint need not include detailed factual allegations, but it must surpass the "speculative level." *Twombly*, 550 U.S. at 555.

Plaintiffs bring this lawsuit in reliance on the widely discussed and repeatedly discredited "show-me-the-note" theory. *See, e.g.*, *Stein v. Chase Home Finance, LLC*, Civ. No. 09-1995 (MJD/JJG), 2010 WL 4736828, at *3-4 (D. Minn. August 13, 2010) (Graham, Mag. J.), *adopted by* 2010 WL 4736233 (D. Minn. Nov. 16, 2010), *aff'd* 662 F.3d 976 (8th Cir. 2011). Before addressing the validity of the individual claims, it is important to note that, even though Plaintiffs put forth six separate causes of action, they are all premised on the "show-me-the-note" theory. Each claim would require a misguided finding that the separation of the original note and mortgage renders the legal and record holder of the mortgage unable to institute foreclosure proceedings. *See Butler v. Bank of America, N.A.*, 690 F.3d 959, 962 (8th Cir. 2012) ("Instead, we agree with the district court th[at] the Butlers' numerous causes

5

of action are simply an attempt to invalidate the foreclosure on the property based on the flawed theory the mortgage and the foreclosure of that mortgage are invalid because BAC Home Loan Servicing – the entity holding the mortgage – does not also hold the note."); *see also Iverson v. Wells Fargo Bank, N.A.*, Civ. No. 11-2225 (MJD/AJB), 2012 WL 611196, at *4 (D. Minn. Feb. 6, 2012) *adopted by,* 2012 WL 611371 (D. Minn. Feb. 24, 2012) (citation omitted) ("The legal position that permeates the amended complaint in this action, and is alleged either expressly or by incorporation to be the underlying basis for each and every count, is the assertion that a mortgagee cannot undertake foreclosure without possession of the original note. It is not the law in Minnesota that possession of a promissory note is necessary for foreclosure by advertisement."). Likewise, Plaintiffs here rely on the invalidity of the note as a precursor for each of their causes of action.

**B.     Rule 11**

MERS and GMAC ask the Court to dismiss Plaintiffs' Complaint as a Rule 11 sanction. As support for their argument, MERS and GMAC rely on Plaintiffs' allegedly blatant plagiarism of the complaint in *Fabbiani*. Defendants contend that, because Rule 11 imposes on pro se plaintiffs the same requirement of certifying that a pleading is not being presented for an improper purpose and that "factual contentions have evidentiary support or, if specifically identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery," Fed. R. Civ. P. 11(b)(3), Plaintiffs should be sanctioned and the appropriate sanction is dismissal of the Complaint with prejudice. To support that contention, MERS and GMAC cite *Brown v. Ameriprise Financial Services, Inc.*, 276 F.R.D. 599, 606 (D. Minn. 2011) (Kyle, J.) for the proposition that copying "huge swaths

from a complaint in a different case against a different defendant" is sufficient to impose the sanction of dismissing the complaint pursuant to Rule 11.

*Brown* is distinguishable. In *Brown*, the plaintiff was represented by counsel and the lawsuit was about race discrimination—a very plaintiff-specific claim, which required repeated allegations of specific instances of racial discrimination. *Id.* at 601. Here, while it is clear Plaintiffs likely copied the *Fabbiani* complaint, almost verbatim, the Court cannot reasonably find that the allegations have *no* basis fact. Indeed, the separation and securitization of promissory notes likely has some basis in fact. While the Court certainly does not condone the practice of copying "huge swaths" from another civil action, some of the facts alleged may very well have a basis in fact and, therefore, the Court will not sanction Plaintiffs for their suspect actions.[5] The Court acknowledges that Rule 11 holds pro se litigants to the same standard as represented parties; however, dismissal of a complaint is a draconian sanction, which the Court will not impose lightly. *See Kooima v. Zacklift Int'l, Inc.*, 209 F.R.D. 444, 446 (D.S.D. 2002) (quotation omitted). Instead, the Court will address each claim on the merits.

### C. Rule 12(b)(6) and Rule 12(c)

In the alternative, each Defendant asks the Court to dismiss Plaintiffs' Complaint for failure to state a claim. In their response memorandum, after stating the standards for a motion pursuant to Rule 12(b)(1), Rule 12(b)(6), and Rule 56, Plaintiffs focus heavily on the Court's subject-matter jurisdiction, despite subject-matter jurisdiction being irrelevant to Defendants'

---

[5] It is also incumbent on the Court to note that Plaintiffs did not attend the hearing on these motions, yet they filed an opposition to the motions. Plaintiffs did not notify the Court that they would not be attending the hearing.

motions.[6] Plaintiffs almost completely fail to address any of Defendants' arguments. Accordingly, dismissal based on the failure to address those arguments would be appropriate. *See, e.g.*, *Kebasso v. BAC Home Loans Servicing, LP*, 813 F. Supp. 2d 1104, 1107 n.7 (D. Minn. 2011) (citing *Siepel v. Bank of Am., N.A.*, 239 F.R.D. 558, 566 (D. Minn. 2006)) (finding a party's failure to address arguments in support of a motion to dismiss sufficient to justify dismissal of the claim). Despite Plaintiffs' plain failure to address the merits of Defendants' motion, the Court will proceed to each of the six individual causes of action.

### 1. Wrongful Foreclosure

The Complaint does not contain any facts related to the foreclosure of the Property. That is, Plaintiffs do not allege an actual foreclosure. Instead, Plaintiffs repeatedly assert that, because Defendants cannot produce evidence of a physical transfer of the note, no Defendant has standing to foreclose. Because Plaintiffs do not allege an actual foreclosure, with any details such as *who* foreclosed and *when* they foreclosed, they cannot state a claim for wrongful foreclosure.

More importantly, Plaintiffs rely on the "show me the note" theory, which has been roundly rejected by every court in Minnesota to encounter it. *See, e.g.*, *Butler*, 690 F.3d at 962; *Welk v. GMAC Mortg., LLC*, 850 F. Supp. 2d 976, 980-81 (D. Minn. 2012); *Stein v. Chase Home Finance, LLC*, Civ. No. 09-1995 (MJD/JJG), 2010 WL 4736828, at *3-4 (D. Minn. August 13, 2010) (Graham, Mag. J.), *adopted by* 2010 WL 4736233 (D. Minn. Nov. 16, 2010), *aff'd* 662 F.3d 976 (8th Cir. 2011). Even if Plaintiffs had included details regarding the foreclosure of their home, "any disputes that arise between the mortgagee holding legal

---

[6] Here, the Court need not say more than the following: subject-matter jurisdiction is satisfied by federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiffs assert claims arising under the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA") and supplemental jurisdiction under 28 U.S.C. § 1367.

title and the assignee of the promissory note holding equitable title do not affect the status of the mortgagor for purposes of foreclosure by advertisement." *Jackson v. Mortg. Elec. Reg. Sys., Inc.*, 770 N.W.2d 487, 500-01 (Minn. 2009). The theory that a party seeking foreclosure must produce the original note is simply erroneous. Accordingly, this count should be dismissed.

### 2. Fraud

To succeed on a claim of fraud, Plaintiffs must establish the following elements: (1) a false representation by a party of a past or existing material fact susceptible of knowledge; (2) the representation was made with the knowledge of its falsity or made as of the party's own knowledge without knowing whether it was true or false; (3) it was made with the intention to induce another to act in reliance thereon; (4) the representation caused the other party to act in reliance thereon; and (5) the party suffered pecuniary damage as a result of the reliance. *Laurent v. Mortgage Elec. Registration Sys., Inc.*, Civ. No. 11-2585 (ADM/JJG), 2011 WL 6888800, at *4 (D. Minn. Dec. 30, 2011) (citing *Best Buy Stores, L.P. v. Dev. Diversified Realty Corp.*, 636 F. Supp. 2d 869, 887 (D. Minn. 2009)).

Plaintiffs have asserted that GMAC has "intentionally misrepresented to Plaintiffs that it was entitled to receive mortgage payments from Plaintiffs based upon mortgage statements sent to Plaintiffs." (Compl. ¶ 72.) Plaintiffs also allege that "[a]ll Defendants misrepresented that they are the 'holder and owner' of the Note . . . ." (*Id.* ¶ 73.) Plaintiffs assert that "Defendant [failed] to disclose the material terms of the transaction Summit . . . the Sponsor, the REMIC Trust and the insurance carrier [violated] RESPA as well as other federal laws . . . ." (*Id.* ¶ 74.) Those alleged misrepresentations stem from Plaintiffs' claim that the

sale of the note from one entity to another satisfied the note and nullified the mortgage. (*Id.* ¶¶ 72-74.)

The thrust of Plaintiffs' fraud claim turns on the ability of any Defendant to collect on the promissory note. The claim that, because neither Summit nor GMAC held the note and, therefore, efforts to collect on the note were fraudulent, is meritless. *Jerde v. JP Morgan Chase Bank, N.A.*, Civ. No. 11-2666 (PAM/FLN), 2012 WL 206271, at *3 (D. Minn. Jan. 24, 2012). The court in *Jerde* specifically held that "it is irrelevant whether Defendants can establish that they hold the notes," so long as they hold a mortgage instrument. *Id.* Accordingly, an entity need not have physical possession of a promissory note to have the authority to collect on the mortgage or foreclose on the property.

Regardless of whether the representations were false, however, to meet the Rule 9(b) pleading standard, Plaintiffs must allege the "who, what, when, where, and how" of the fraud with particularity. *United States ex. rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006) (citation omitted). Plaintiffs do not plead the "when" or the "where" as required to survive a motion to dismiss, and their identification of "who" is faulty, too. In Paragraph 73, Plaintiffs refer to "all Defendants misrepresented that they held and owned the note." However, it does not appear from the Complaint that Plaintiff alleged the "Doe" Defendants made any specific representations about their ownership of the note. Furthermore, in Paragraph 74, Plaintiffs assert that "Defendant" failed to disclose terms of a transaction, but they do not delineate exactly *which* Defendant. Moreover, Plaintiffs merely allege that GMAC sent mortgage bills, without authority. Plaintiffs apparently rely on the bills as the fraudulent representations. The amorphous nature of Plaintiffs' allegations, however, fall far

short of Rule 9's heightened pleading requirements. Accordingly, Plaintiffs' fraud claims should be dismissed.

### 3. Quiet Title

Plaintiffs seek to quiet title to the property. A plaintiff seeking to quiet title to property must come to court with clean hands. *Novak v. JP Morgan Chase Bank, N.A.*, Civ. No. 12-589, 2012 WL 3638513, at *4 (D. Minn. Aug. 23, 2012) (Doty, J.) (citing *Santee v. Travelers Ins. Co.*, 275 N.W. 366, 368 (Minn. 1937)). Plaintiffs have not alleged that they are no longer in default, accordingly dismissal is warranted. *See, e.g.*, *id.* ("[G]iven their present state of default, plaintiffs cannot state a quiet-title claim, and dismissal is warranted."). Therefore, this count should be dismissed.

### 4. Declaratory Judgment

Plaintiffs seek judgment establishing their rights under certain documents, specifically the Trust Deeds used to foreclose and the Notice of Default, as well as a judgment determining whether any Defendant had the authority to foreclose on the property, and a determination as to the validity of the foreclosure. Failure to allege a sufficient factual basis to justify declaratory judgment results in dismissal. *See Karnatcheva v. JP Morgan Chase Bank, N.A.*, 871 F. Supp. 2d 834, 842 (D. Minn. 2012) (Davis, C.J.). Plaintiffs have not offered any facts related to their individual foreclosure, but instead rely solely on the transfer of Plaintiffs' note from one party to another in seeking to invalidate the various documents and to demonstrate that no Defendant was authorized to foreclose on the property. Because Plaintiffs rely on a faulty theory, and because they have not alleged a sufficient factual basis to justify relief, this count should be dismissed.

## 5. RESPA

Plaintiffs' RESPA claim is barred by the statute of limitations. Plaintiffs plead a cause of action under 12 U.S.C. § 2607, alleging Summit paid brokers a "Yield Spread Premium." Section 2607 bars the provision of any "fee, kickback or thing of value" incident to the settlement of a federal-related mortgage. However, § 2614 of the same title requires an action pursuant to § 2607 to be brought within one year of the violation. Here, the loan apparently closed sometime in November 2010. *See Boe v. JP Morgan Chase Bank, N.A.*, Civ. No. 10-2171 (JRT/JJG), 2011 WL 3610419, at *3 (D. Minn. Apr. 13, 2011) (Graham, Mag. J.). Plaintiffs did not file suit until October 3, 2012, nearly two years later. Because Plaintiffs' claim is time-barred, it should be dismissed.[7]

## 6. TILA

Finally, Plaintiffs assert a claim under TILA based on Defendants' failure to notify Plaintiffs of various assignments of the note or mortgage. Plaintiffs rely on 15 U.S.C. § 1641(g), which requires "the creditor that is the new owner or assignee of the debt" to "notify the borrower in writing" of certain details regarding the new creditor. Here, Summit is the originator, MERS is the mortgagee, and GMAC is the servicer. None of these parties is the new creditor. *See, e.g.*, *Kebasso*, 813 F. Supp. 2d at 1108 n.7 (citing cases) (finding neither the loan servicer nor mortgagee to be creditors under TILA). Dismissal is warranted because TILA does not establish an obligation on any Defendant to provide the allegedly deficient notice.

---

[7] Generally, affirmative defenses are applicable on motions to dismiss only if "the complaint *clearly* shows the existence [of] a defense." *United States v. Xcel Energy, Inc.*, 759 F. Supp. 2d 1106, 1118 (D. Minn. 2010) (citing *Stephenson v. Deutsche Bank AG*, 282 F. Supp. 2d 1032, 1065 (D. Minn. 2003)) (emphasis and alteration in *Stephenson*). Here, the applicability of the statute of limitations defense is clearly evident from the face of Plaintiffs' Complaint.

### 7. Doe Defendants

There is one final matter to discuss: Plaintiffs' claims against the fictitiously named "Does 1 to 10." The Eighth Circuit has held that "an action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995); *see also Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985) (stating dismissal is appropriate when an unnamed defendant's identity cannot be ascertained through discovery). Plaintiffs have not plead specific involvement by the Doe Defendants, nor has their true identity been ascertained. Accordingly, the claims against the Doe Defendants should be dismissed with prejudice. *See St. James v. City of Minneapolis, Minn.*, Civil No. 05-2348 (DWF/JJG), 2007 WL 2908115, at *1 n.1 (D. Minn. Oct. 2, 2007) (citing *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985)) (dismissing fictitious defendants with prejudice).

### III. Recommendation

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendants MERS and GMAC's Motion for Sanctions and, in the alternative, Motion to Dismiss (ECF No. 4) be **GRANTED IN PART** and **DENIED IN PART** as set forth herein;

2. Defendant Summit's Motion to Dismiss (ECF No. 11) be **GRANTED**;

3. The case be dismissed **WITH PREJUDICE**; and

4. **JUDGMENT BE ENTERED ACCORDINGLY**.

Dated:  March 1, 2013        s/ *Jeanne J. Graham*
                             JEANNE J. GRAHAM
                             United States Magistrate Judge

## NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **March 18, 2013**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The district judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made. The party making the objections must timely order and file the transcript of the hearing unless the parties stipulate that the district judge is not required to review a transcript or the district judge directs otherwise.